**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**NAKIE ALTOVISE HARRIS,**
                    **Plaintiff,**

**v.**                                                          **Civil Action No. 3:18-CV-94
                                                                (GROH)**

**AMY ARMEL, and
M. GREENE,**
                    **Defendants.**

## REPORT AND RECOMMENDATION

On June 11, 2018, the plaintiff initiated this action by filing a civil rights complaint on the Court-approved form, a memorandum of law and various exhibits, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983, and authorized suits against federal employees in their individual capacities.  ECF Nos. 1, 1-1, 1-2 through 1-48.  Also on June 11, 2018, Plaintiff filed a motion to proceed without prepayment of fees, a consent to collection of fees from trust account, a Prisoner Trust Account Report ("PTAR") and ledger sheets.  ECF Nos. 2, 3, 4, 4-1.  On June 13, 2018, the Court issued a Notice of Deficient Pleading and Intent to Strike Pleading based on the Plaintiff filing a memorandum of law which did not comply with the Local Rules of Prisoner Litigation Procedure.  ECF No. 8.  Thereafter, on July 9, 2018, Plaintiff refiled his complaint on the Court-approved form, along with his memorandum in support thereof, and various exhibits.  ECF Nos. 15, 15-1, 15-2 through 15-8.

This matter is pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## I.  THE COMPLAINT

In his complaint, Plaintiff names as defendants: (1) Amy Armel ("Armel"), a health service provider of the Public Health Service Department at USP Hazelton in Bruceton Mills, West Virginia; and (2) M. Greene ("Greene"), a medical records Public Health Service Department employee at USP Leavenworth in Leavenworth, Kansas.  ECF No. 1 at 2.

Plaintiff alleges that while he was incarcerated at USP Hazelton in Bruceton Mills, West Virginia, he experienced severe abdominal and rectal pain and repeatedly reported that pain to Armel.  ECF No. 15-1 at 2.  Plaintiff claims that his pain was so severe at times that he was unable to sit or walk.  Id.  Plaintiff further claims that Armel "did nothing whatsoever" about his medical condition.  Id.  Plaintiff also alleges that "the FBOP[1] Medical Department . . .  provided [him] with medical records that were not [his]."  Id. at 3.

Plaintiff claims that upon his transfer to USP Leavenworth, he was diagnosed as having a bacterial infection in his stomach.  ECF No. 15 at 8.   He alleges that while he was at USP Hazelton, Armel withheld that information from him.  Id.

According to Plaintiff's complaint, he has been "painfully and grieviously impact[ed] negatively" for two years, affecting his "physical health, along with mental and emotional [e]ffects" on his "entire well being."  Id. at 9.  Further, Plaintiff asserts that it is unclear if his "long carried bacterial infection has done damage . . . that is not visible to the naked

---

[1] The Federal Bureau of Prisons is not a named defendant herein.  Additionally, as discussed more fully below, even if the BOP were named as a defendant, it would be an improperly named defendant, as a Bivens action may not be brought against a federal agency.  FDIC v. Meyer, 510 U.S. 471, 486 (1994).

eye."  Id.  For relief, Plaintiff seeks $400,000.00 in damages from each defendant, for a total of $800,00.00 in damages.  Id.

## II.  LEGAL STANDARD

### A.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[2]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

**B.    Civil Rights Actions Under <u>Bivens</u>.**

In <u>Bivens</u>, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents.  In <u>FDIC v. Meyer</u>, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a <u>Bivens</u> claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts."  Id.  See <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 71 (2001).  The Supreme Court further explained in <u>Malesko</u>:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72.  Further, in a <u>Bivens</u> case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights.  <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2nd Cir. 1994); <u>See</u> <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[3] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

---

[3]  The Court notes that <u>Bivens</u> actions and § 1983 actions are both civil rights actions, and that <u>Bivens</u> actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

### III.  ANALYSIS

**A.**     **Immunity of Defendant Armel**

Although Plaintiff has made specific allegations against Armel, Armel is nonetheless immune from suit under a <u>Bivens</u> action.  The Supreme Court has held that U.S. Public Health Service (PHS) personnel charged with constitutional violations arising out of their official duties must be sued for damages for harms caused in the course of their employment, under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671– 2680.  <u>Hui v. Castaneda</u>, 559 U.S. 799, 801–02 (2010).  The Court further concluded that based on the plain language of 42 U.S.C. § 233(a), "that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct."  <u>Id.</u>

Accompanying her motion to dismiss, Armel submitted a declaration that she is a Physician Assistant ("PA") at USP Hazelton and is employed by the United States Public Health Service.  ECF No. 28-2 at 1.  Armel further declares that she has been so employed since April 1, 2016.[4]  <u>Id.</u>

Plaintiff's complaint and memorandum in support thereof appear to acknowledge Armel's status as a PHS employee.  In his complaint, Plaintiff alternatively describes Armel as "MS PA-C Health Service Department – Provider"  and "MS PA-C in her capacity as MS PA-C at FCC Hazelton Health Service Department".  ECF No. 15 at 2, 7.  In his memorandum, Plaintiff refers to Armel as "PA-C . . . Hazelton Health Service Provider". ECF No. 15-1 at 3.

Based on her status as a PHS employee, and pursuant to the holding of <u>Hui v.</u>

---

[4]   To the extent that Plaintiff claims any injury was inflicted upon him by Armel prior to April 1, 2016, his claim is barred by the statute of limitations.  Plaintiff's complaint was filed on June 11, 2018. The West Virginia statute of limitations for personal injury is two years.

Castaneda, Armel is immune from suit in a Bivens action. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to Armel.

### B.      Lack of Personal Jurisdiction Over Defendant Greene

The complaint names as the second defendant Greene, an employee of USP Leavenworth which is located in Leavenworth, Kansas.  For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements."  Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).  The West Virginia long-arm statute is contained in W.Va. Code § 56-3-33.[1]

---

[1] This section provides in part as follows:

(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the Secretary of State, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.

The Fourth Circuit has stated that:

> Because the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry. Accordingly, our inquiry centers on whether exercising personal jurisdiction over [a defendant] is consistent with the Due Process Clause.

In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997) (internal citations omitted). To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interest here would not, "[o]ffend traditional notions of fair play and substantial justice." Id. at 628, quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To establish those minimum contacts necessary to confer jurisdiction, "it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citing International Shoe). The Fourth Circuit has recognized that such minimum contact must be "purposeful." In re Celotex, 124 F.3d at 628, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). "Jurisdiction is proper [ ] where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." Burger King Corp., 471 U.S. at 475.

"[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the

---

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her.

forum State that is the basis for its jurisdiction over him." <u>Walden v. Fiore</u>, 571 U.S. 277, 285 (2014).  In <u>Waldon</u>, the Supreme Court found that a Georgia police officer lacked the minimal contacts with Nevada required for Nevada to exercise personal jurisdiction over the officer who was accused of drafting a false probable cause affidavit to support the forfeiture of funds seized during a search at a Georgia airport.  <u>Id.</u> at 277.

With regard to the actions of Greene, Plaintiff asserts that all of those actions occurred in Kansas.  Plaintiff has failed to assert any contact by Greene with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause.  It is clear that Greene is a non-resident who has not himself engaged, or by his authorized agent engaged, in any one or more of the acts specified in subdivisions (1) through (7) of subparagraph (a) of the West Virginia long-arm statute, W.Va. Code § 56-3-33.  Accordingly, based on the information contained in the complaint, the Court cannot exercise personal jurisdiction over Greene because he did not engage in the specified acts under the long-arm statute, and the actions of Greene, which Plaintiff alleges in support of his claims, took place outside of West Virginia.

Accordingly, the court lacks jurisdiction to consider any civil rights cause of action against Greene. Therefore, the complaint should be dismissed without prejudice from this jurisdiction for lack of personal jurisdiction.

### C.    Allegations Regarding Violation of the Privacy Act

The only proper defendant in an action alleging a violation of the Privacy Act, 5 U.S.C. § 552a, is the agency that maintains the records.  "[T]he remedial provisions of the Privacy Act apply only to federal agencies, not to individuals. . . Accordingly, the individual defendants, in their individual and official capacities, must be dismissed with

prejudice, as plaintiff has no cause of action against them." Bloch v. Exec. Office of the President, 164 F. Supp. 3d 841, 853–54 (E.D. Va. 2016) (citing 5 U.S.C. § 552a(g)(1), Williams v. Dep't of Vet. Affairs, 879 F.Supp. 578, 581 n.5 (E.D.Va.1995)).

As recognized in n. 1 herein, a federal agency is an improper party in a Bivens action.  Accordingly, any allegation that Plaintiff's rights under the Privacy Act were violated, are improperly raised in a Bivens action.  Because the Court lacks subject matter jurisdiction as to any alleged violation of the Privacy Act, any claim regarding such a violation must be dismissed.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).   Further, even if this court had subject matter jurisdiction, pursuant to the clear requirements of 5 U.S.C. § 552a(g)(5)[5], the statute of limitations for any action arising under the Privacy Act is two years.

---

[5] That statute provides:

An action to enforce any liability created under this section may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy, **within two years from the date on which the cause of action arises**, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation. Nothing in this section shall be construed to authorize any civil action by reason of any injury sustained as the result of a disclosure of a record prior to September 27, 1975.

(Emphasis added).

## IV.  RECOMMENDATION

In consideration of the foregoing, it is hereby **RECOMMENDED** that Plaintiff's complaint [ECF No. 1] as to Armel be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief can be granted, and that Plaintiff's complaint [ECF No. 1] as to Greene be **DISMISSED WITHOUT PREJUDICE.**  It is further **RECOMMENDED** that Defendants' Motion to Dismiss [ECF No. 27] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

10

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:       May 8, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE